**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BETTY GODFREY, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of the Social <br> Security Administration, <br><br> Defendant. | NO. CV 07-00336 SS <br><br> **MEMORANDUM DECISION AND ORDER** <br><br> **RE DISMISSAL OF ACTION** |

**I.**

**INTRODUCTION**

On January 1, 2007, Plaintiff Betty Godfrey ("Plaintiff"), then represented by counsel, filed this action seeking to overturn the decision of the Commissioner of the Social Security Administration ("Defendant") denying her application for Supplemental Security Income and Disability Insurance benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge.

Following a voluntary remand to the agency under Sentence 6 of 42 U.S.C. § 405(g), the parties stipulated to reopen this case on September 16, 2009. The Court ordered the case reopened on September 17, 2009. On September 18, 2009, the Court issued an Order Re Further Proceedings. On October 16, 2009, Defendant filed the Administrative Record and his Answer to the Complaint. Under the September 18, 2009 Order, Plaintiff's Memorandum in Support of the Complaint was due thirty days from service of the Answer and record or by November 16, 2009.

On November 23, 2009, the Court issued an Order to Show Cause why the action should not be dismissed for Plaintiff's failure to prosecute. In that Order, the Court advised Plaintiff that "failure to timely respond to this Order will result in the dismissal of this case for failure to prosecute." (See November 23, 2009 Order). On November 24, 2009, Plaintiff submitted a request to substitute herself in as counsel and to allow her counsel to withdraw. The Court granted that request on November 24, 2009.

On December 16, 2009, the Court sua sponte extended the time for Plaintiff to file her Memorandum in support of her complaint to December 23, 2009 and again warned her of the possibility of dismissal. On December 18, 2009, the parties submitted a stipulation to allow Plaintiff up to and including January 19, 2010 to file her Memorandum. However, this date has passed and no Memorandum was filed. In addition, Plaintiff has not filed any other document with the Court. Further action cannot be taken in this matter without Plaintiff's participation. Therefore, the Court finds that dismissal of this action with prejudice

is appropriate for failure to prosecute and failure to comply with court orders, pursuant to Federal Rule of Civil Procedure 41(b).

## II.
## DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts the authority to sua sponte dismiss actions for failure to prosecute or to comply with court orders. Link v. Wabash R.R., 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Dismissal, however, is a harsh penalty and is to be imposed only in extreme circumstances. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing Raiford v. Pounds, 640 F.2d 944, 945 (9th Cir. 1981) (per curiam)). In considering whether to dismiss an action for failure to prosecute or to comply with a court order, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); see also Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992) (applying the factors in reviewing the dismissal of a social security case).

\\
\\

**A.     The Five Factors Supporting Dismissal**

      **1.     Expeditious Resolution And The Court's Need To Manage Its Docket**

In the instant action, the first two factors -- public interest in expeditious resolution of litigation and the need to manage the Court's docket -- weigh in favor of dismissal. The Court advised Plaintiff that she needed to respond to the Court's November 23, 2009 Order to Show Cause and <u>sua sponte</u> extended Plaintiff's time to respond in the December 16, 2009 Order. Plaintiff, however, has failed to file her Memorandum. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

      **2.     The Risk Of Prejudice To Defendant**

The third factor -- prejudice to Defendant -- also counsels in favor of dismissal. The prejudice to a defendant simply from the pendency of a lawsuit is insufficient, on its own, to warrant dismissal. <u>Ash v. Cvetkov</u>, 739 F.2d 493, 496 (9th Cir. 1984). The risk of prejudice, however, is related to the plaintiff's reason for defaulting. <u>Pagtalunan</u>, 291 F.3d at 642 (citing <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 991 (9th Cir. 1999)).

Plaintiff has not offered any excuse for her failure to respond to the Court's orders or file her Memorandum. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the

4

opposing party is sufficient to favor dismissal. <u>Yourish</u>, 191 F.3d at 991-92. Here, Plaintiff has offered no excuse for failing to respond to Court orders and therefore the "prejudice" element favors dismissal.

### 3.     Less Drastic Alternatives

The fourth factor -- the availability of less drastic sanctions -- ordinarily counsels against dismissal. The Court has, however, attempted to avoid outright dismissal by repeatedly warning Plaintiff of her obligation to respond to Court orders and granting her additional time to do so. The Court has, therefore, explored meaningful alternatives to dismissal. <u>See</u> <u>Henderson</u>, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted). Sanctions other than dismissal do not appear to be appropriate given that Plaintiff has failed to participate in her own litigation.

### 4.     Public Policy Favoring Disposition On The Merits

The fifth factor -- public policy favoring disposition of cases on their merits -- also ordinarily weighs against dismissal. Notwithstanding this policy, it is the responsibility of the moving party to move toward that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics. <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having ample time. Under these circumstances, the public policy favoring resolution of disputes on the

merits does not outweigh Plaintiff's failure to respond to Court orders in the given time frame.

**B.    Dismissal Of This Action Is Warranted**

In view of the foregoing, the Court concludes that dismissal of this action is warranted under Rule 41(b), which states in pertinent part:

> [A] dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

Fed. R. Civ. Proc. 41(b).

The Court dismisses this action on the basis of Plaintiff's failure to prosecute and obey court orders.  Accordingly, this case does not fall into one of the three exceptions noted above and consequently, the dismissal will operate as an adjudication on the merits.  The dismissal will thus be with prejudice to Plaintiff's refiling of a new action in federal court based on the same allegations.  Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (dismissal for failure to prosecute is treated as an adjudication on the merits) (citing United States v. Schimmels (In re Schimmels), 127 F.3d 875, 884 (9th Cir. 1997)).

## III.

## CONCLUSION

Plaintiff was advised in the Court's November 23 and December 16, 2009 Orders about the possibility of dismissal of this action in the event of a failure to file her Memorandum. However, she has failed to comply with the Court's orders and has failed to participate in her own litigation.

Consistent with the foregoing, IT IS ORDERED that Judgment be entered DISMISSING this action with prejudice. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on Plaintiff at her current address of record and on counsel for Defendant.

DATED: January 29, 2010                                          /S/

                                                          _____
                                                               SUZANNE H. SEGAL
                                                          UNITED STATES MAGISTRATE JUDGE